UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _______________

AMERICAN CLINICAL SOLUTIONS, LLC,

Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD
OF ALABAMA,

Defendant.

________________________________ /

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Blue Cross and Blue Shield of Alabama ("BCBSAL" or "Defendant"), hereby provides notice that it is removing this action for all further proceedings to the United States District Court for the Southern District of Florida, from the Florida Circuit Court – Fifteenth Judicial Circuit, Palm Beach County. The removal is based on federal question jurisdiction, and this Court therefore has original jurisdiction over the case pursuant to 28 U.S.C. § 1331.

The specific grounds for removal are the following:

## I. STATEMENT OF THE CASE

1. On or about September 2, 2015, American Clinical Solutions, LLC ("American Clinical" or "Plaintiff") filed a Complaint against BCBSAL in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. The action is styled *American Clinical Solutions, LLC v. Blue Cross and Blue Shield of Alabama* and is designated Case No. 15CA010045 (hereafter referred to as the "State Action"). Defendant was never served with initial process with the original Complaint.

2. On or about December 10, 2015, American Clinical filed its Amended Complaint against BCBSAL.

3. Defendant was first served with the Summons and the Amended Complaint on December 14, 2015.

4. This is an action by a medical provider to recover health plan payments for "clinical laboratory servicers" provided to certain patients who were allegedly insured for such services under BCBSAL's policies of health insurance. *See* Ex. A., Pl.'s Am. Compl. ¶¶ 10-12, 14. The Amended Complaint further states that BCBSAL is organized either as a health maintenance organization ("HMO") plan, a preferred provider organization ("PPO") plan, an exclusive provider organization ("EPO") plan, or a point-of-service ("POS") plan. *Id.* ¶ 11.

5. In addition to various statutory causes of action under Florida law, the Amended Complaint asserts a Florida common law claim for alleged breach of third party beneficiary insurance contracts maintained by BCBSAL. *Id.* ¶¶ 25-29. However, as explained in more detail below, the contracts that form the basis for Plaintiff's claims are employee welfare benefit plans established and regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*. ("ERISA"). As a result, ERISA completely preempts Plaintiff's asserted state law claims.

**II. GROUNDS FOR REMOVAL**

6. This Court has original jurisdiction over this matter by virtue of 28 U.S.C. § 1331 in that it raises a federal question.

7. The Amended Complaint alleges that Plaintiff provided clinical laboratory services to enrollees of Defendant's insurance contracts. *See* Pl.'s Am. Compl. ¶¶ 10-12. The Amended Complaint further alleges that BCBSAL failed to properly pay Plaintiff for the medical

services it provided to Defendant's enrollees. *Id.* ¶ 16. In other words, Plaintiff claims BCBSAL breached the insurance contracts after it failed to pay Plaintiff for the services it rendered to the beneficiaries of said contracts.

8. Plaintiff's claims are preempted by ERISA. ERISA, § 502(a), 29 U.S.C. § 1132(a), provides the exclusive remedy for the breach of contract claims asserted in this lawsuit. Because of this preemption, this action is removable to federal court. *See, e.g.*, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (common law causes of action filed in state court preempted by ERISA were removable to federal court).

9. ERISA completely preempts all state laws and claims relating to employee benefit plans. *See* 29 U.S.C. § 1144(a). ERISA's preemption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plant." *Id.* The Supreme Court has declared ERISA's preemption provision to be deliberately expansive. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987); *see also FMC Corp. v. Holliday*, 498 U.S. 51, 58 (1999); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983)) ("A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.").

10. There is no question that the insurance contracts subject to this lawsuit are "employee welfare benefit plans," as defined in and governed by ERISA. Although the Amended Complaint does not identify the contracts subject to this lawsuit or the identity of the beneficiaries, it appears that Plaintiff is referring to the beneficiaries and employee benefit plans listed in Exhibit A which involve "employee welfare benefit plans" as defined in and governed by ERISA.

11. American Clinical's claims clearly relate to an "employee benefit plan" in that it seeks recovery of benefits under the Plan. In fact, Plaintiff's own allegations show that this is nothing more than a claim for benefits under the Plan:

a. Plaintiff specifically alleges that it "provided clinical laboratory services to the Patients" and "Defendant PAYOR failed to make a commercially reasonably payment to [Plaintiff] for medically necessary laboratory services provided to Patients who were insured for such services by Defendant PAYOR." *See* Am. Compl. ¶ 16.

b. Plaintiff also alleges that Defendant "breached the Contracts by failing to make payment or by failing to make the proper payments to [Plaintiff] for the medically necessary clinical laboratory services that [Plaintiff] rendered to Patients who were insured for such services by Defendant." *Id.* ¶ 17.

c. Plaintiff further alleges that Defendant "entered into a valid health insurance contract with each Patient" and it "breached the Contract with each Patient by failing to pay [Plaintiff] for the clinical laboratory services provided to the Patient." *Id.* ¶¶ 25-27.

12. Furthermore, this very Court has previously held that the state law causes of action Plaintiff asserts are completely preempted by federal law. *See, e.g.*, *Variety Children's Hosp., Inc. v. Blue Cross/Blue Shield of Florida*, 942 F. Supp. 562, 565-66 (S.D. Fla. 1996) (hospital's claim for breach of contract was a claim to recover benefits under ERISA) (Moore, J.).

13. The fact that Plaintiff's Amended Complaint asserts only state law claims on its face is no barrier to removal. *See Aetna Health Ins. v. Davila*, 542 U.S. 200, 209 (2004) (finding ERISA's civil enforcement mechanism has such "extraordinary pre-emptive power" that it

"converts an ordinary state common law complaint into one stating a federal claim" and renders such causes of action removable to federal court).

14. Complete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). ERISA is one of such statutes. *See, e.g.*, *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009).

15. The United States Supreme Court has held that "a plaintiff may not defeat removal by omitting to plead necessary federal questions. If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of plaintiff's Complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *see also Behlen v. Merrill Lynch*, 311 F.3d 1087, 1090 (11th Cir. 2002) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").

16. Venue is proper in the United States District Court for the Southern District of Florida because the case is being removed from the Circuit Court in and for Palm Beach County, Florida. *See* 28 U.S.C. § 1446(a).

## III. CONSENT OF OTHER DEFENDANTS

17. There are no other defendants who would need to join in or consent to this Notice of Removal.

## IV. TIMELINESS OF REMOVAL

18. Defendant was never served with initial process with the original Complaint filed in the State Action. The Amended Complaint was initially filed in state court on December 10, 2015, and Defendant was first served with initial process on December 14, 2015. Thus, Defendant is filing this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## V. ATTACHMENT OF STATE COURT PLEADINGS

19. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant in the state court action is annexed hereto as Exhibit B.

## VI. NOTICE OF REMOVAL GIVEN TO STATE COURT

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court in and for the Fifteenth Judicial Circuit in Palm Beach County, Florida.

Accordingly, the case is properly removed to United States District Court for the Southern District of Florida.

Dated this 4th day of January, 2016.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone: 305.374.0506
Facsimile: 305.374.0456

s/ Gregory R. Hawran
Gregory R. Hawran
Florida Bar Number 55989
gregory.hawran@ogletreedeakins.com

*Counsel for Defendant*
*Blue Cross and Blue Shield of Alabama*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Gregory R. Hawran
Gregory R. Hawran

**SERVICE LIST**

*American Clinical Solutions, LLC v. Blue Cross and Blue Shield of Alabama*
*Case No. ___________________*
*United States District Court, Southern District of Florida*

Karen B. Schapira, Esq.
service@flhealthlaw.com
kbs@flhealthlaw.com
FLORIDA HEALTH LAW CENTER,
10200 West State Road 84,
Suite 106
Davie, Florida 33324
Telephone: 954.358.0155
Facsimile: 954.358.1611

*Counsel for Plaintiff*
*American Clinical Solutions, LLC*

Method of Service: Notice of Electronic Filing

Gregory R. Hawran
gregory.hawran@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone: 305.374.0506
Facsimile: 305.374.0456

*Counsel for Defendant*
*Blue Cross and Blue Shield of Alabama*

23376417.1